## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.** |
| | : | |
| | : | **Violation:** |
| **v.** | : | **42 U.S.C. § 1320a-7b(a)(1)(ii)** |
| | : | **(False Statement)** |
| | : | |
| | : | **Criminal Forfeiture:** |
| **NIKKIA D. THOMAS,** | : | **18 U.S.C. § 982(a)(7);** |
| | : | **21 U.S.C. § 853;** |
| **Defendant.** | : | **28 U.S.C. § 2461(c)** |

### INFORMATION

The United States Attorney charges:

### COUNT ONE
### False Statement

At all times material to this Information:

1.      Defendant NIKKIA D. THOMAS ("THOMAS" or "defendant") was a resident of the District of Columbia.  From on or about May 31, 2011, to on or about April 15, 2013, THOMAS was employed as a Metrobus operator with the Washington Metropolitan Area Transit Authority ("WMATA").

2.      The District of Columbia Medicaid Program ("D.C. Medicaid") was a "federal health care program" for purposes of Title 42, United States Code, Section 1320a-7b(f).  D.C. Medicaid provided medical assistance to qualified individuals with low income.  D.C. Medicaid was jointly financed by the District of Columbia and the federal government.  The District of Columbia Economic Security Administration ("ESA"), a component of the District of Columbia Department of Human Services, determined the eligibility of individuals applying for D.C. Medicaid benefits.

<u>The Scheme</u>

3.      For the one-year period beginning on or about September 1, 2011, THOMAS was deemed eligible to participate in the D.C. Medicaid program.  On or about October 25, 2012, THOMAS re-applied for D.C. Medicaid benefits at ESA's Anacostia Service Center in Washington, D.C.  On the application form, THOMAS falsely stated that her total income for the month of October 2012 was $1,200.  The application form contained a certification that stated, "I believe that all of my information on this entire six-page form is correct.  I know that if I give any false information, I may be breaking the law."  THOMAS signed the application form below the certification and submitted the application form to ESA.

4.      As part of THOMAS's October 2012 application for D.C. Medicaid benefits, THOMAS submitted to ESA four altered pay stubs from WMATA in THOMAS's name.  These four altered pay stubs falsely reflected pay that was substantially lower than THOMAS's actual pay.

| Pay Period | Net Pay Depicted on Altered Pay Stubs | Actual Net Pay | Amount Concealed |
|---|---|---|---|
| 09/26/2012 | $339.49 | $755.08 | $415.59 |
| 10/03/2012 | $410.65 | $600.24 | $189.59 |
| 10/10/2012 | $339.49 | $698.51 | $359.02 |
| 10/17/2012 | $286.84 | $616.77 | $329.93 |
| TOTAL | $1,376.47 | $2,670.60 | $1,294.13 |

5.      Based on the reduced amount of pay that THOMAS falsely claimed in THOMAS's October 2012 application and on the four altered pay stubs, THOMAS was deemed eligible to continue THOMAS's participation in D.C. Medicaid.

2

6.      For the time period of on or about September 1, 2012, to on or about April 30, 2013, D.C. Medicaid paid medical expenses for THOMAS and THOMAS's family totaling $13,351.31.

7.      On or about October 25, 2012, in the District of Columbia, defendant NIKKIA D. THOMAS knowingly and willfully made and caused to be made a false statement and representation of a material fact in an application for a benefit and payment under a federal health care program.

**(False Statement, in violation of Title 42, United States Code, Section 1320a-7b(a)(1)(ii).)**

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count 1, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7).

2.      The United States will also seek a forfeiture money judgment against the defendant in the amount of $13,351.31.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property that cannot be divided without difficulty;

3

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(2)(A), Title 28, United States Code, Section § 2461(c), and Title 21, United States Code, Section 853(p).)**

RONALD C. MACHEN JR.
United States Attorney

By: _____
David S. Johnson
Assistant United States Attorney
D.C. Bar No. 477298
Dangkhoa Nguyen
Special Assistant United States Attorney
D.C. Bar No. 475917
United States Attorney's Office
for the District of Columbia
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 252-7962